Charles R. Diard Jr.
Clerk, U.S. District Court
113 SAINT JOSEPH ST
MOBILE  AL  36602-3606

October 28, 2009

**Appeal Number: 08-12773-BB**
Case Style: James L. Fikes v. Wal-Mart, Inc.
District Court Number:  07-00339 CV-CB

TO:    Charles R. Diard Jr.

CC:    James L. Fikes

CC:    Elizabeth Darby Rehm

CC:    Hon. Sonja F. Bivins

CC:    Administrative File

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

October 28, 2009

Charles R. Diard Jr.
Clerk, U.S. District Court
113 SAINT JOSEPH ST
MOBILE  AL  36602-3606

**Appeal Number: 08-12773-BB**
Case Style: James L. Fikes v. Wal-Mart, Inc.
District Court Number: 07-00339 CV-CB

The motion for stay of mandate has been denied. The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:

Bill of Costs

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 08-12773

District Court Docket No.
07-00339-CV-CB

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Apr 10, 2009
THOMAS K. KAHN
CLERK

JAMES L. FIKES,

    Plaintiff-Appellant,

versus

WAL-MART, INC.,

    Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Southern District of Alabama

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
OCT 28 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    April 10, 2009
For the Court:    Thomas K. Kahn, Clerk
By:    Patch, Jeffrey

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                                    FILED
                              U.S. COURT OF APPEALS
                                ELEVENTH CIRCUIT
                                  APRIL 10, 2009
         No. 08-12773            THOMAS K. KAHN
      Non-Argument Calendar           CLERK
```

D. C. Docket No. 07-00339-CV-CB

JAMES L. FIKES,

                Plaintiff-Appellant,

versus

WAL-MART, INC.,

                Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Alabama

(April 10, 2009)

Before EDMONDSON, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant James L. Fikes, proceeding pro se, appeals the grant of summary judgment in favor of his employer, Defendant-Appellee Wal-Mart Stores, East, LP, dismissing Appellant's disability discrimination claims under the Americans With Disabilities Act ("ADA")[1]. No reversible error has been shown; we affirm.

Plaintiff asserted two claims under the ADA: that he was denied (at least initially)[2] the position of Asset Protection Associate ("APA") and subjected to a hostile work environment, each in violation of the ADA. The district court concluded that Plaintiff failed to present sufficient evidence to show that he was disabled within the meaning of the ADA and failed to exhaust administrative

---

[1] Congress recently enacted major changes to the ADA. By adoption of the Amendments Act of 2008, Pub.L. No. 110-325, 122 Stat. 3553 (2008), effective 1 January 2009, Congress has expressly instructed courts that "[t]he definition of disability in [the ADA] shall be construed in favor of broad coverage of individuals." Pub.L. No. 110-325, § 4(a). Plaintiff makes no argument that the amendments should apply retroactively; and absent Congressional expression to the contrary, a presumption against retroactive application applies when the new legislation would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf v. USI Film Products, 114 S.Ct. 1483, 1505 (1994). So, we look to the ADA as it was in effect at the time of the alleged discrimination.

[2] Wal-Mart first offered the APA position in September 2006 to another employee after interviewing that employee, Plaintiff, and other interested employees. The employee who was offered the position turned it down. According to Wal-Mart, Plaintiff was their second-choice to fill the open APA position; but, before they could offer Plaintiff the APA job, a hiring freeze was instituted. When the hiring freeze was lifted, Plaintiff was offered the APA position; he began work as an APA in March 2007 and continues in that position during the course of this action.

remedies on his ADA hostile environment claim. We agree.

About Plaintiff's disability claim, to establish a prima facie case of disability discrimination under the ADA, he must show that "(1) he has a disability; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." Davis v. Florida Power & Light Co., 205 F.3d 1301, 1305 (11th Cir. 2000). No dispute exists that Plaintiff was qualified; Wal-Mart maintains that Plaintiff proffered insufficient evidence to show he has a disability and to show he was subjected to unlawful discrimination.

A disability is defined as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as so impaired. 42 U.S.C. § 12102. Plaintiff asserts that he is limited in the major life activities of walking and working. Plaintiff proffered evidence that he suffered a ten percent impairment of his right knee and a sixteen percent impairment to his left knee which equated to a 26 percent impairment to the lower extremity or a ten percent impairment to the body as a whole. While working at Wal-Mart, Plaintiff injured his leg and wears a brace to stabilize his leg. Plaintiff alleges that he suffers pain when sitting or standing for "long periods" and also when he bends, kneels, walks, lifts, or climbs "excessively."

3

That Plaintiff suffered some limitation of a major life activity is not enough; the limitation must be substantial. As the district court noted, in September 2006 -- the time Plaintiff claims he was denied the APA position because of his disability -- Plaintiff was able to mow his yard, trim his hedges, wash clothes, sweep, wash dishes, cook, and drive his car (without benefit of a handicap placard). Also at that time, Plaintiff's job responsibilities as a Wal-Mart assembler included assembling bicycles, grills, furniture, swing sets, and displays throughout the store. In addition, Plaintiff gave new employees tours of the store; and Plaintiff performed as the store's unofficial "handyman." In that capacity, Plaintiff did plumbing, electrical, welding, and carpentry work. Plaintiff even framed and sheet-rocked an office for Wal-Mart's district manager. This broad range of activity evidenced in the record stands in stark contrast to -- and belies -- Plaintiff's vague assertions that he is restricted in the major life activities of working and performing manual tasks. The district court concluded correctly that the evidence of Plaintiff's impairment was insufficient to show he was disabled for purposes of establishing a prima facie case.[3]

---

[3] Plaintiff claimed also that he was regarded by Wal-Mart as having a disability. But Plaintiff failed to proffer evidence to show that Wal-Mart perceived that Plaintiff suffered from an impairment that substantially limited a major life activity. See Hillburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1230 (11th Cir. 1999) ("As with actual disabilities, a perceived impairment must be believed to substantially limit a major life activity of the individual.").

About Plaintiff's hostile environment claim, no substantive argument is advanced to support the claim that he exhausted his administrative remedies. Plaintiff's EEOC charge set out these sentences:

> I am an individual with a disability. I believe [Wal-Mart] failed to select me for a position in the loss prevention/Asset Protection department in violation of Title I of the Americans with Disabilities Act.

Because Plaintiff failed to exhaust his administrative remedies on his hostile work environment claim, summary judgment was due to be granted on this claim. See Alexander v. Fulton Co., Georgia, 207 F.3d 1303, 1332 (11th Cir. 2000) ("No action alleging a violation of [the ADA] may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge.").[4]

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

[4] We express no opinion on whether a hostile work environment claim is cognizable under the ADA.

5

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

JAMES FIKES
           Appellant

vs.                                    Appeal No. 08-12773-BB

WAL-MART STORES, EAST, LP
           Appellee

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

APR 21 2009

THOMAS K. KAHN
CLERK
```

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| | In-House | Comm* | | | | | |
| Appellant's Brief | | | | | | | |
| Record Excerpts | | X | 77 | 385 | 5 | 72.43 | 72.43 |
| Appellee's Brief | | X | 39 | 312 | 8 | 58.54 | 58.54 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | TOTAL | | $130.97 REQUESTED | $ 130.97 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: April 20, 2009    Signature: _____

Attorney for: Wal-Mart Stores, East, LP    Attorney Name: Elizabeth Darby Rehm
(Type or print name of client)    (Type or print your name)

---

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __$130.97__ against __Appellant__

and are payable directly to __Appellee__

Thomas K. Kahn, Clerk

By: _____
Deputy Clerk

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Issued on: OCT 28 2009

MISC-12
(12/07)